E-FILED
Friday, 19 April, 2013  03:21:40 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT ROCK ISLAND

FILED
APR 18 2013
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal No. 13-40022 |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | VIO: Title 18, United States Code, Sections |
| ) | 472 and 492, and Title 28 United States |
| **SARAH C. BELOCK,** ) | Code, Section 2461(c) |
| ) | |
| **Defendant.** ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

### UNLAWFUL POSSESSION OF COUNTERFEIT CURRENCY

1. On or about March 13, 2013, in Rock Island County, in the Central District of Illinois, and elsewhere, the defendant,

### SARAH C. BELOCK,

with the intent to defraud, did keep in her possession counterfeited and falsely made obligations of the United States, that is, counterfeited and falsely made ten dollar Federal Reserve Notes with serial numbers GF00005095*, GF00005395*, GF00005695*, and GF00005995*.

All in violation of Title 18, United States Code, Section 472.

### FORFEITURE ALLEGATIONS

2. The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c).

3.  Upon conviction of the offense in violation of 18 U.S.C. § 472 as set forth in this Indictment, the defendant,

**SARAH C. BELOCK**

shall forfeit to the United States pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c) all counterfeits of any coins or obligations or other securities of the United States or of any foreign government; any articles, devices, and other things made, possessed, or used in violation of 18 U.S.C. § 472; and any material or apparatus used or fitted, or intended to be used, in the making of such counterfeits, articles, devices, or things, found in the possession of the defendant without proper authority. The property to be forfeited includes, but is not limited to, the following:

    a.  One black Apple iPhone with IMEI number 013331001269004;

    b.  One Apple brand desktop computer with no visible serial number and with wireless keyboard and mouse; and

    c.  One black Epson brand XP-300 model scanner/printer.

4.  If any of the forfeitable property described above, as a result of any act or omission of the defendant(s):

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

- 2 -

All pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c).

A TRUE BILL

s/ Foreperson

_____

FOREPERSON

s/ Kirk Schuler

_____

**JAMES A. LEWIS**
**UNITED STATES ATTORNEY**
**KWS**